DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Dorothy Ray ("Dorothy"), appeals from a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that granted her a divorce from Appellee, Glenn Ray ("Glenn"), divided their marital property, and ordered Glenn to pay spousal support. We reverse and remand
 I. {¶ 2} This was the parties' second marriage to each other. They were married the first time for over forty years and had five children together. As part of the first divorce settlement, Glenn was awarded the couple's residence on Coon Club Road in Medina. At that time, the property was encumbered by two mortgages with a total principal of $43,797.22. During the next year, Glenn continued to make payments on the mortgages. The extent to which he reduced the mortgage principal during that year is not in the record.
 {¶ 3} The parties remarried on December 9, 1993, exactly one year after the first marriage ended. The couple resided in the Coon Club Road residence and continued to pay down the mortgage. The parties stipulated that, during the marriage, they paid off both mortgages. On July 13, 2001, Dorothy filed a complaint for divorce. Following a hearing, the trial court granted the parties a divorce, divided their marital property, and ordered Glenn to pay spousal support. Dorothy appeals and raises two assignments of error.
 II. First Assignment of Error "The court found on page 5 of the judgment entry of divorce that duringthe marriage there was $43,796.92 [paid] down on the first and secondmortgage. Such moneys are divisible under [R.C. 3105.171(A)(3)(A)(III)]as a money contribution placed into marital property. The court erred inapplying Nine v. Nine [(Mar. 1, 1995), 9th Dist. No. 16625] by notdividing the marital mortgage pay down or the marital portionappreciation."
 {¶ 4} The trial court found that the Coon Club Road property had appreciated in value by $55,090.78 during the marriage and that $23,320 of that appreciation was marital property. Dorothy contends that this finding was error for two reasons: (1) the court underestimated the marital portion of the appreciation, and (2) it failed to find that the mortgage pay down made during the marriage constituted marital property. We agree that the trial court erred, but we accept only the second prong of Dorothy's argument.
 {¶ 5} The relevant facts on these issues are not disputed. During the second marriage, the house appreciated in value by $55,090.78. Although the parties made payments on the mortgage, there was no evidence before the trial court that the appreciation in value was due to anything other than market forces. In other words, there was no evidence before the court that the couple made improvements or otherwise invested labor or money that had increased the fair market value of the property.[1]
Therefore, the appreciation was passive and, by statutory definition, belonged to Glenn.
 {¶ 6} R.C. 3105.171(A)(6)(a)(iii) defines "separate property" to include passive appreciation on the separate property of one spouse. "If the evidence indicates that the appreciation of the separate property isnot due to the input of [either spouse's] labor, money, or in-kind contributions, the increase in the value of the [property] is passive appreciation and remains separate property." Middendorf v. Middendorf
(1998), 82 Ohio St.3d 397, 401, citing R.C. 3105.171(A)(6)(a)(iii). "[A]ppreciation that results from an increase in the fair market value of separate property due to its location or inflation is considered passive income." Polakoff v. Polakoff (Aug. 4, 2000), 11th Dist. No. 98-T-0163.
 {¶ 7} Thus, Dorothy is correct that the trial court erred in its calculation of the marital share of the appreciation, but not because of any underestimation. The trial court erred in finding that any portion of the appreciation in the fair market value of the Coon Club Road property was marital because there was no evidence that the appreciation resulted from the labor, money, or in-kind contributions by either Glenn or Dorothy. Consequently, the trial court erred in crediting Dorothy for any portion of the property's appreciation in value, as the appreciation was entirely separate property. Although the trial court followed the formula set forth by this Court in Nine v. Nine (Mar. 1, 1995), 9th Dist. No. 16625, that decision is now overruled because it failed to comport with the requirements of the statute.
 {¶ 8} Dorothy correctly asserts, however, that the extent to which the parties paid down the mortgage principal during the marriage was marital property and she was entitled to an equitable portion of it. "Any reduction in the amount of the first and second mortgages during the marriage by payment of marital funds would be marital property." Charlesv. Charles (Jan. 22, 1997), 9th Dist. No. 96CA006396.
 {¶ 9} The parties do not dispute that, at the time Glenn was awarded the Coon Club Road property in the first divorce in 1992, it was encumbered by two mortgages in the amount of $43,797.22 and that by the time the second marriage ended, both mortgages had been paid off. Although the trial court found that the entire $43,797.22[2] was paid off during the marriage, that finding was not supported by the evidence. In fact, it is impossible to determine from the parties' stipulations and the other evidence presented exactly how much of the mortgage pay down occurred during the second marriage.
 {¶ 10} The parties had stipulated that, during the one year between marriages, Glenn made payments on the mortgages. They never stipulated, however, nor was any evidence presented to the trial court, regarding the extent to which Glenn decreased the mortgage principal between the two marriages. Glenn did testify that his mortgage payments were $574 per month. The trial court apparently took that figure and multiplied it by the twelve months between the two marriages to arrive at a figure of $6888, which it found to represent the mortgage payments made by Glenn between the marriages. Although that figure may represent his total mortgage payments during that year, there was no evidence before the trial court from which it could determine the extent to which the mortgage principal was reduced by those payments.
 {¶ 11} Consequently, we cannot calculate the exact marital share of the mortgage pay down because there was insufficient evidence presented to the trial court on that issue. The case is remanded to the trial court for the purpose of taking evidence on this issue and recalculating the marital mortgage pay down and readjusting the property division to allow for an equitable division of the marital property.
 {¶ 12} The first assignment of error is sustained insofar as Dorothy asserts that the trial court erred in failing to award her an equitable share of the reduction in mortgage debt that occurred during the second marriage. To the extent that Dorothy asserts that she was entitled to a greater share of the appreciation, her assignment of error is overruled.
 Second Assignment of Error "The court erred in ordering a setoff of $13,499.55 against Mrs. Ray'sinterest in marital equity in the home. Mr. and Mrs. Ray each had a$6,749.78 marital interest in the horse."
 {¶ 13} The trial court found that the marital property included Dorothy's interest in a race horse named Balance Zone that she owned jointly with one of the couple's sons. The court valued that interest at $13,499.55, yet it did not divide this marital property between the parties and it gave no explanation for its failure to do so. Dorothy contends that the failure to equitably divide that marital asset was error. We agree.
 {¶ 14} R.C. 3105.171(C) provides that marital property shall be divided equally, unless the court determines that such a division would be inequitable. "[W]hen dividing property or granting a distributive award under R.C. 3105.171, the court must make written findings of fact to support its conclusion that the marital property has been divided equitably." Huener v. Huener (1995), 110 Ohio App.3d 322, 324, citing R.C. 3105.171(G). "[T]he trial court's absolute failure to divide marital property either equally or otherwise constitutes an abuse of discretion."Wenger v. Wenger, 9th Dist. No. 02CA0065, 2003-Ohio-5790, citing Inglev. Ingle (Nov. 16, 1994), 2nd Dist. No. 3096.
 {¶ 15} Here, the trial court valued Dorothy's interest in the horse at $13,499.55 and explicitly found it to be marital property that was subject to division. The court did not divide that interest, however, and gave no explicit explanation for its failure to do so. This constituted an abuse of discretion and reversible error. The second assignment of error is sustained.
 III. {¶ 16} The judgment of the trial court is reversed and remanded for the purpose of recalculating the marital value of the mortgage pay down and equitably dividing both it and the $13,499.55 value of the horse Balance Zone that the court found to be marital property.
Judgment reversed and the cause remanded.
SLABY, P.J. and BATCHELDER, J. CONCUR.
[1] There was brief testimony that Glenn had done some repairs and other work on the property but there was no evidence to suggest that the work was anything other than routine maintenance or that it had increased the fair market value of the property.
[2] The trial court apparently used different figures offered by the parties to arrive at a figure of $43,796.92.