DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kurt Richard Sterbenz, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Division, which apportioned appreciation from the marital residence between Appellant and Appellee, Zorianna Sterbenz. We reverse in part and remand
 {¶ 2} Appellant and Appellee were married in November of 1989. Appellant filed for divorce on June 19, 2002. A two-day trial, ending November 26, 2003, ensued. On that same day, this Court decided Ray v. Ray, 9th Dist. No. 03CA0026-M, 2003-Ohio-6323, which overruled our former manner of apportioning appreciation on a marital residence as enumerated in Nine v.Nine (Mar. 1, 1995), 9th Dist. No. 16625. In the final divorce decree, filed December 2, 2003, the trial court apportioned appreciation on the marital residence between the parties, finding that half of the appreciation should be analyzed as active appreciation under Middendorf v. Middendorf (1998),82 Ohio St.3d 397, and that half should be analyzed as passive appreciation under Nine, supra. The court in no way recognized our new analysis under Ray.
 {¶ 3} Appellant timely appealed from the final divorce decree and raises two assignments of error for our review. We will address both assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred in failing to use the Ray v. Ray
analysis in determining property rights in the pre-marital residence."
 ASSIGNMENT OF ERROR II
"The trial court erred in arbitrarily assigning an amount of appreciation due to improvements made in the pre-marital home."
 {¶ 4} In her assignments of error, Appellant argues that the trial court erred by applying the Nine analysis to appreciation when that case had been overruled by Ray prior to the filing of the final divorce decree. Appellant further asserts that the trial court erred by arbitrarily assigning a value to active appreciation based on home improvements while also finding that "[n]either party established the exact amount spent on the renovation/remodeling nor the increase in value of the property as the result of the renovation/remodeling." Given this factual finding, Appellant insists the entire amount of appreciation should be labeled passive, such that it would become her separate property in the divorce. This Court agrees in part with Appellant's arguments.
 {¶ 5} Allocation of appreciation on a residence in a divorce decree rests upon whether the appreciation is labeled passive or active. See R.C. 3105.171(A)(3)(a)(iii); R.C.3105.171(A)(6)(a)(iii). According to R.C. 3105.171(A)(3)(a)(iii), marital property includes "[a]ppreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage[,]" also known as active appreciation. See Middendorf,82 Ohio St.3d at 400. Appreciation on separate property which is due solely to market forces, such as location and inflation, however, is passive inflation and remains separate property. Ray at ¶ 6; R.C. 3105.171(A)(6)(a)(iii).
 {¶ 6} In order to determine the amount of appreciation due to each party, this Court formerly allocated the entire amount of appreciation with a logical, mathematical equation which gave each spouse a percentage of the total amount according to their overall contributions. See Nine, supra, at 9. Under Nine,
each party need only introduce evidence of (1) the equity existing in the house at the time of the marriage, (2) the amount by which the mortgage decreased during the marriage due to payments with marital funds, and (3) the amount of appreciation on the home during the marriage. See Id. A fourth factor, the increase in value due to improvements made, labor exerted, or monies expended on the home, could also easily be factored into this mathematical equation to discern what percentage of the appreciation was marital property, and what was separate. For example, where the original owner of the residence had $45,000 in equity at the time of the marriage, the couple paid the mortgage down by $35,000 during the marriage and added an additional $20,000 in value due to improvements, any appreciation on the house would be allocated as 45% separate property (passive appreciation) and 55% marital property (active appreciation).
 {¶ 7} After revisiting the allocation of appreciation on separate property, this Court subsequently changed the analysis. See Ray at ¶ 7. Ray now requires additional direct evidence as to what appreciation occurred due to market forces alone (passive) and what appreciation occurred due to improvements, labor, or the efforts of the parties during marriage (active). In other words, the way in which one would approach trial, and the evidence required for each party at trial, substantially changed with no notice after the Ray decision.
 {¶ 8} The new analysis under Ray virtually requires expert testimony in cases, like this one, where appreciation is due both to market forces and to improvements. Without expert testimony, it would be impossible for a court to untangle what appreciation occurred due to the improvements, and what would have occurred even without those improvements. In a mixed situation, one must now show additional evidence regarding the amount of appreciation which should be accorded to passive, market factors, and that which accompanied improvement to the property.
 {¶ 9} Such evidence is likely to lack the precision of an exact science, and we are certain further arguments will arise in this regard. However, we reiterate that the trial court holds considerable discretion in making property distributions in domestic cases. Middendorf, 82 Ohio St.3d at 401. A trial court's decision regarding property division will be upheld absent an abuse of discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. A court has not abused its discretion unless its decision is the product of "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. Accordingly, there is no abuse of discretion where a trial court's decision is supported by some competent, credible evidence. Middendorf,82 Ohio St.3d at 401.
 {¶ 10} In this particular case, the trial court erred by applying Nine, which had been overruled, to determine the correct allocation of appreciation on the marital residence. This error, however, is not the extent of the predicament in this case. A further problem exists: Nine was overruled on the final day of trial. Both parties proceeded to trial, and presented evidence at trial, geared toward the necessary proof underNine. Neither party had notice or any reason to anticipate that the law would change, in effect shifting the type of evidence necessary to allocate appreciation from a marital residence held as separate property by one of the parties. Neither party could have understood that they likely needed an expert to appear to help unravel the complicated picture of appreciation. Instead, both presented evidence based on the mathematical equation laid down in Nine which was the current law throughout the entire first half of the trial.
 {¶ 11} Given this change of law as outlined in Ray, it would appear entirely inequitable to both parties to remand this case to the trial court and require it to render a decision based solely on the evidence currently before it. One party would reap a windfall: the party with the burden of proof would find themselves with an adverse verdict simply because they did not present evidence which was not required by law until the last day of trial. Instead, in order to comport with due process, this case must be remanded for an evidentiary hearing limited to the issue of allocation of appreciation on the marital residence. Both parties should have an informed opportunity to present the evidence now required under Ray.
 {¶ 12} We sustain Appellant's assignment of error, reverse the decision of the Summit County Court of Common Pleas, Domestic Division, regarding only the division of appreciation on the marital residence, and remand to the trial court for a further evidentiary hearing limited solely to the additional evidence needed under Ray in this case.
Judgment reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J., Boyle, J., concur.