OPINION
{¶ 1} On November 23, 1999, a magistrate of the domestic relations division of the court of common pleas, acting on a domestic violence petition filed by his wife, Elizabeth Oblak, and following a full hearing, issued a domestic violence civil protection order against Appellant, James M. Oblak. The term of the order was for five years.[1]
{¶ 2} James Oblak filed objections to the magistrate's orders. The domestic relations court overruled the objections and adopted the magistrate's order on February 9, 2000. No appeal was taken from the trial court's judgment.
{¶ 3} On September 23, 2003, Oblak filed a motion to vacate the civil protection order, arguing that the magistrate had been mistaken in the findings he made. A supplemental motion to vacate was filed on October 20, 2003, arguing in addition that any need for the civil protection order terminated when the parties were divorced in 2001.
{¶ 4} On December 1, 2003, the domestic relations court overruled both motions Oblak had filed. Oblak then filed a further motion to vacate the civil protection order on November 19, 2004, again raising, though in greater detail, the arguments he made in his earlier motions. The domestic relations court overruled Oblak's latest motion on January 3, 2005. The court stated that no appeal had been taken from the November 19, 1999, civil protection order, and that all of Oblak's arguments had been rejected by this court on appeal.
{¶ 5} Oblak filed a timely notice of appeal from the January 3, 2005 order overruling his motion. Appearing pro se, Oblak makes two principal contentions in support of his argument that the trial court abused its discretion when it overruled his motion to vacate.
{¶ 6} First, Oblak argues that the trial court was mistaken when it stated that we had rejected his arguments in an earlier appeal. That appears to be correct because, as the trial court also found, no appeal was taken from the 1999 civil protection order. Neither was an appeal taken from the trial court's prior order overruling Oblak's motion to vacate. It appears that there was an appeal in a related case. In view of the duration of this litigation, the trial court's mistake is understandable. More importantly, for reasons discussed below, any error resulting from the mistake is harmless.
{¶ 7} Second, Oblak argues that he did not ask the court to vacate the 1999 civil protection order, but only to seal the record of that proceeding due to the false, mistaken and scandalous nature of the allegations made against him and the findings the magistrate made. However, Oblak's motion clearly asked the court to vacate the 1999 civil protection order. And, as the trial court suggested, the merits of the claim on which the civil protection order issued are not now subject to collateral attack as a claim that the civil protection order was erroneously granted. Oblak's remedy for such error was an appeal, which he did not take.
{¶ 8} Oblak argues that the trial court may nevertheless exercise its common law powers to seal the record of the proceeding on which the 1999 civil protection order issued. Even if that is so, Oblak offered no compelling reason for the court to do that, relying once again on his contentions that the allegations against him were false, fraudulent, and scandalous. We understand that to be his view, but we cannot find that the trial court is therefore required to agree to Oblak's desire to have the record sealed.
{¶ 9} The assignment of error is overruled. The judgment of the trial court is Affirmed.
Brogan, J. And Wolff, J., concur.
Elizabeth A. Bemis James M. Oblak Hon. Stephen Alfred Yarbrough (Visiting Judge).
[1] The civil protection order expired on November 23, 2004.