[Cite as *Johns v. Johns*, 2013-Ohio-557.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| BARBARA A. JOHNS | C.A. No.    26393 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN C. JOHNS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    1979-12-4892 |

DECISION AND JOURNAL ENTRY

Dated: February 20, 2013

---

MOORE, Presiding Judge.

{¶1}  Defendant-Appellant, John C. Johns, M.D. ("Husband"), appeals from the March 28, 2012 judgment entry of the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}  Husband and Barbara Johns ("Wife") divorced after twenty-two years of marriage. Pursuant to their separation agreement, Husband agreed to pay Wife spousal support in the amount of $2,400 per month.  In 2008, Husband stopped paying the full amount of spousal support and Wife filed a motion for contempt.  Husband then filed a motion to modify and/or terminate spousal support.

{¶3}  In a 2009 order, a magistrate of the trial court (1) modified spousal support to $1,600 per month, (2) found Husband in contempt, (3) sentenced Husband to one day in the Summit County Jail or 40 hours of community service, unless he purged his contempt by paying the spousal support arrearage by April 1, 2009, and (4) issued judgment in favor of wife in the

amount of $14,059.31. Husband objected and the trial court overruled his objections, thus adopting the magistrate's decision. Husband timely appealed.

{¶4} In *Johns v. Johns*, 9th Dist. No. 24704, 2009-Ohio-5798, ¶ 19, this Court affirmed the trial court's finding of contempt. We also reversed, in part, and remanded in order for the trial court to consider the Supreme Court of Ohio's decision in *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, with regard to whether the modification was based upon a substantial change in circumstances not contemplated at the time the parties entered into their decree of divorce.

{¶5} On remand, the trial court issued an order finding, among other things, that: (1) it retained jurisdiction to modify spousal support, (2) Husband's retirement, health problems and the devaluation of his IRA are substantial changes in circumstance, and (3) the parties stipulated that these changes in circumstance were not contemplated at the time of their divorce. In so holding, the trial court modified spousal support to $1,600 per month. Further, the trial court held Husband in contempt, sentenced him to one day in the Summit County Jail or 40 hours community service if he fails to pay the arrearage by March 1, 2010, and granted judgment in favor of Wife in the amount of $34,859.31.

{¶6} Husband did not appeal this order.

{¶7} In May of 2010, Wife filed several motions including one for execution of sentence regarding the contempt. Husband then filed a second motion to reduce and/or terminate spousal support, along with several motions to appear at the hearing telephonically due to his failing health. Wife opposed Husband's motion by filing a motion to require Husband to personally appear in court.

{¶8} After a purge hearing in September 2011, attended only by Wife, the magistrate issued a decision extending Husband's purge period to December 1, 2011, and ordering him to personally appear one week later in order to establish whether the contempt had been purged. The decision states that if Husband fails to appear at the hearing or purge his contempt, the trial court shall issue a capias for his arrest and may impose sentence immediately. Husband objected alleging that he was not given the opportunity to participate in the September hearing, and attached an affidavit further detailing his financial situation. Because no record of the hearing existed, the trial court remanded to the magistrate for further proceedings on December 8, 2011, and ordered Husband to personally appear at the hearing.

{¶9} Husband filed another motion to appear telephonically which was opposed by Wife. The trial court denied Husband's motion.

{¶10} At the December purge hearing, Husband failed to appear. The magistrate found that Husband paid $0 dollars toward his spousal support obligation since the 2009 contempt finding and sentenced him to one day in the Summit County Jail. In addition, the magistrate ordered Husband to appear on March 1, 2012, in order to serve his sentence. The magistrate also dismissed all pending motions, including Husband's motion to modify/terminate spousal support.

{¶11} Husband objected on the basis that he should not have been ordered to personally appear due to his physical limitations and inability to travel, and, as such, was unable to appear in March to serve his sentence. The trial court overruled Husband's objections, adopted the magistrate's decision, and ordered Husband to report to the Summit County Jail on April 30, 2012, for execution of sentence.

{¶12} Husband timely appealed and raises five assignments of error for our consideration. For ease of discussion, we have combined and rearranged Husband's assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY IMPOSING A SENTENCE FOR CONTEMPT WHEN THE PAST DUE SPOUSAL SUPPORT HAD BEEN REDUCED TO JUDGMENT.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY IMPOSING A PURGE CONDITION WHICH IS NOT SUFFICIENTLY CLEAR TO ALLOW [HUSBAND] TO OBEY. THE PURGE CONDITION IS THEREFORE UNREASONABLE AND IMPOSSIBLE FOR [HUSBAND] TO MEET.

{¶13} In his first assignment of error, Husband argues that because his arrearage was reduced to a lump sum in 2009, it became a civil debt and, therefore, imprisonment is precluded under Article I, Section 15 of the Ohio Constitution. Further, in his third assignment of error, Husband argues that the 2009 order is "unclear, ambiguous and subject to more than one interpretation," because it does not specify the amount of arrearage that he was required to pay in order to purge the contempt.

{¶14} It is well-settled that "[r]es judicata bars the assertion of claims against a valid, final judgment * * * that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Here, Husband could have raised these claims in his appeal from the first 2009 order. In addition, assuming he was not already barred by res judicata, Husband could have raised these claims in the subsequent order which resulted from this Court's

remand regarding *Mandelbaum*. However, Husband failed to do so. As such, Husband's claims are now barred by res judicata and we decline to further address them.

{¶15} Husband's first and third assignments of error are overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY MODIFYING AND THEREBY ENHANCING THE SENTENCE ORIGINALLY IMPOSED FOR CONTEMPT.

{¶16} In his second assignment of error, Husband argues that the trial court erred by sentencing him to one day in the Summit County Jail instead of giving him the option of either one day in the Summit County Jail, or 40 hours of community service, as set forth in the 2009 judgment entry.

{¶17} We note that Husband failed to specifically raise this argument in his objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." In his objections to the magistrate's decision, Husband generally objected to the entire decision. However, he failed to specifically argue that his sentence was enhanced by removing the option of community service. *See* Civ. R. 53(D)(3)(b)(ii) (requiring objections to "be specific and state with particularity all grounds for objection"). Therefore, Husband forfeited this argument on appeal unless he can establish plain error.

{¶18} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error * * * seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. We conclude that the trial court did not commit plain error in

sentencing Husband to serve one day in the Summit County Jail. The record indicates that possible jail time was always part of Husband's original sentence, and nowhere in the record did the trial court foreclose its discretion to decide whether Husband would go to jail or participate in community service.

{¶19} Husband's second assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY DISMISSING [HUSBAND'S] MOTION TO MODIFY OR TERMINATE SPOUSAL SUPPORT.

{¶20} In his fourth assignment of error, Husband argues that the trial court erred in dismissing his motion to modify/terminate spousal support without first considering his deposition testimony in lieu of personally appearing at the hearing.

{¶21} "This Court reviews a spousal support award under an abuse of discretion standard." *Hirt v. Hirt,* 9th Dist. No. 03CA0110-M, 2004-Ohio-4318, ¶ 8. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶22} Here, the trial court ordered Husband to personally appear at the purge/motions hearing, but Husband failed to abide by the court's order. Further, the record shows that the trial court continued this hearing on numerous occasions in order to accommodate both parties and allow Husband extra time to purge his contempt. Because Husband was not present to argue the merits of his motion to modify/terminate spousal support, when ordered to do so by the court, we cannot say that the trial court abused its discretion in dismissing the motion at that time.

{¶23} Husband's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED BY FAILING TO CONDUCT AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION.

{¶24} In his fifth assignment of error, Husband argues that the trial court did not comply with Civ.R. 53(D)(4)(d), which states that:

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

Husband alleges that the trial court erred by failing to conduct an independent review of the magistrate's decision. Further Husband contends that the trial court merely recited the procedural history of the case, and did not indicate whether it agreed with the magistrate's finding regarding contempt. We disagree.

{¶25} First, in its March 28, 2012 judgment entry, the trial court states that it reviewed the pleadings, transcripts of hearing, and other documents in the file. Second, the trial court addressed and analyzed each of Husband's objections to the magistrate's decision and provided its reasoning in overruling each objection. Third, by imposing sentence, the trial court clearly agreed with the magistrate's finding that Husband failed to purge his contempt.

{¶26} Husband's fifth assignment of error is overruled.

### III.

{¶27} In overruling all of Husband's assignments of error, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT


CARR, J.
BELFANCE, J.
CONCUR.


APPEARANCES:

SUSAN K. PRITCHARD, Attorney at Law, for Appellant.

RANDAL A. LOWRY, Attorney at Law, for Appellee.