[Cite as *In re Guardianship of Bond*, 2017-Ohio-130.]

STATE OF OHIO        )               IN THE COURT OF APPEALS
                        )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE   )

IN RE GUARDIANSHIP OF BOND        C.A. No.     16AP0011

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2015 PB-G 000152

DECISION AND JOURNAL ENTRY

Dated: January 17, 2017

CARR, Presiding Judge.

{¶1}    Appellant, Jonnie Bond, appeals the judgment of the Wayne County Court of Common Pleas, Probate Division.  This Court affirms.

I.

{¶2}    In May 2015, the guardian of Ms. Bond's mother moved for protection of her ward from Ms. Bond.  The probate court granted the motion, and it was served on Ms. Bond in June 2015.  Ms. Bond did not appeal the protective order, but later moved to dismiss the order and moved for relief from it.  The probate court denied her motions, and she did not appeal.

{¶3}    In August 2015, the guardian filed a motion for contempt, alleging that Ms. Bond had violated the protection order.  Ms. Bond again moved for relief from the order.  She also moved to dismiss the contempt motion, arguing that the protection order was invalid.  The probate court denied her motions.  Following a hearing on the motion for contempt, the probate

court granted the motion, ordering Ms. Bond to pay a $250.00 fine. Ms. Bond has appealed, assigning as error that the probate court incorrectly found her in contempt of court.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT IMPROPERLY GRANTED GUARDIAN'S MOTION FOR PROTECTION UNTIL YEAR 2020 WITHOUT NOTICE OR HEARING.

{¶4}    Ms. Bond does not argue that she did not violate the terms of the protection order. Instead, she requests that this Court overturn the probate court's contempt finding because the protection order was improperly issued. According to Ms. Bond, neither case law nor statutory authority allows a probate court to grant a protective order that lasts for five years without first holding a hearing.

{¶5}    The doctrine of res judicata bars the assertion of claims against a valid, final judgment that were raised or could have been raised on appeal. *Johns v. Johns*, 9th Dist. Summit No. 26393, 2013-Ohio-557, ¶ 14, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. According to the record, the Wayne County Sheriff's Office served Ms. Bond with the probate court's protection order on June 9, 2015. She did not appeal the order. Although she later moved for relief from the order and moved to dismiss it, the probate court denied her motions. Ms. Bond did not appeal those decisions either.

{¶6}    Ms. Bond's argument is an improper collateral attack on the validity of the underlying protection order. *See State v. Ybarra*, 5th Dist. Licking No. 16-CA-16, 2016-Ohio-5761, ¶ 11-13; *Bemis v. Oblak*, 2d Dist. Champaign No. 20889, 2006-Ohio-403, ¶ 7. Because she could have raised her arguments in a prior appeal, we conclude that they are barred under the doctrine of res judicata. *Johns* at ¶ 14. We, therefore, decline to address them. *Id*. Ms. Bond's assignment of error is overruled.

## III.

**{¶7}** Ms. Bond's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOHN C. OBERHOLTZER and AMANDA M. CASALINUOVO, Attorneys at Law, for Appellant.

ROBERT W. ECKINGER and STEPHEN A. ECKINGER, Attorneys at Law, for Appellee.