[Cite as *Cherconis v. Cherconis*, 2017-Ohio-7912.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| DAVID M. CHERCONIS, et al. | C.A. No. 16CA0077-M |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CAROLINE CHERCONIS | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 13DR0036 |

DECISION AND JOURNAL ENTRY

Dated: September 29, 2017

TEODOSIO, Judge.

{¶1} Plaintiff-Appellant, David Cherconis ("Husband"), appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part.

I.

{¶2} Husband and Defendant-Appellee, Caroline Cherconis ("Wife"), originally married on July 21, 1984, and had four children during the course of their marriage. They first divorced in 2007, and, pursuant to the terms of their original decree, no spousal support was awarded. The trial court awarded the marital residence to Husband, but awarded Wife a $29,000 equity interest. Accordingly, it ordered Husband to pay the mortgage and to pay Wife her equity share. The court also gave Wife the option of remaining in the home until Husband paid her equity share. If Wife chose to remain, $719.89 per month would be deducted from her equity

share and credited to Husband as rent. There is no dispute that Wife remained at the marital residence after the divorce.

{¶3} The parties remarried on October 22, 2010, but separated again in July 2011. From that point forward, only Wife continued to reside at the marital residence. In June 2012, the marital residence became the subject of a foreclosure action. Husband's sister ultimately obtained a personal loan for $38,550 and used it to satisfy the outstanding mortgage balance. Shortly after she did so, Husband filed a complaint for divorce from Wife. He then deeded the marital residence to his sister while the divorce action was pending.

{¶4} Wife filed a counterclaim for divorce and later filed a motion to join Husband's sister as an additional defendant. The trial court granted the motion to join due to the sister's interest in the marital residence. Further, the court granted Wife exclusive possession of the marital residence during the pendency of the proceedings. A divorce hearing was held on January 14, 2014, and, on August 25, 2014, the court issued a second divorce decree.

{¶5} The trial court determined that Husband's decision to deed the marital residence to his sister was not dispositive of the proceedings and that both he and Wife still had separate property interests in the home. The court explained that Husband had a separate property interest by virtue of the first divorce decree. Meanwhile, Wife had a separate property interest in the amount of $3,803.05 because that was the amount due and owing on her original equity interest ($29,000) after subtracting, as credit to Husband, $719.89 per month for a period of 35 months (i.e., the period of time she remained in the home from the first divorce until the parties remarried). The court found that the personal loan Husband had "solicited" from his sister had caused an "appreciation for the parties in the form of [a] $38,550 pay-off of the mortgage on the residence." The court then treated the $38,550 equity increase as marital property and equally

divided it between the parties. The court awarded the marital residence to Husband, consistent with the prior decree, but ordered him to pay Wife $23,078.05 (i.e., her half of the $38,550, plus her outstanding $3,803.05 equity interest). The court also revisited the issue of spousal support and ordered Husband to pay Wife $340 per month until she remarried, cohabited with another man, or one of the parties died. Husband then appealed from the court's judgment.

{¶6} On appeal, this Court determined that the trial court erred when it characterized the $38,550 pay-off as an appreciation in equity. *Cherconis v. Cherconis*, 9th Dist. Medina Nos. 14CA0086-M & 14CA0088-M, 2016-Ohio-1140, ¶ 16-19. Because the undisputed evidence was that Husband had transferred his interest in the marital residence to his sister in exchange for her satisfying his separate mortgage debt, we concluded that the court lost its way when it found that he had retained any interest in the marital residence for which there could be any increase in equity. *Id.* at ¶ 19. We ordered the trial court, on remand, "to vacate the $19,275 award to Wife attributable to [Husband's sister's] payment of Husband's separate property debt, and make any adjustments necessary to the property division as [were] within its discretion to make." *Id.* at ¶ 21.

{¶7} On remand, the trial court issued a judgment entry in which it incorporated by reference its August 25, 2014 decree to the extent that its terms did not conflict with this Court's judgment. The court vacated its $19,275 award to Wife and recalculated her equity interest. The court determined that she possessed a $23,988.08 equity interest in the marital residence, so it ordered Husband to pay her that amount in monthly installments of $399.81. It further ordered Wife to vacate the marital residence within 90 days of Husband's first installment payment.

{¶8} Husband now appeals from the trial court's judgment and raises three assignments of error for our review.

II.

{¶9} Before turning to Husband's assignments of error, this Court notes that Wife has not filed a brief on appeal. As such, this Court "may accept [Husband's] statement of the facts and issues as correct and reverse the judgment if [Husband's] brief reasonably appears to sustain such action." App.R. 18(C).

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING SPOUSAL SUPPORT FOR AN INDEFINITE DURATION TO DEFENDANT-WIFE IN THE AMOUNT OF $340 PER MONTH UNTIL THE EARLIER OF THE DEATH OF EITHER PARTY, WIFE'S REMARRIAGE, OR WIFE'S CO-HABITATION WITH AN UNRELATED ADULT MALE, AND BY DETERMINING SPOUSAL SUPPORT BASED ON THE COMBINED DURATION OF THE PARTIES' FIRST AND SECOND MARRIAGES.

{¶10} In his first assignment of error, Husband argues that the trial court erred in its spousal support award to Wife. Specifically, he argues that (1) the court lacked jurisdiction to award spousal support for any period predating the parties' remarriage, and (2) the factors outlined in R.C. 3105.18 do not favor an award of spousal support. Because Husband's first argument is dispositive, this Court need not address his second argument.

{¶11} "[A] trial court can retain jurisdiction for a limited, reasonable period of time, to modify spousal support, even when the initial order awards zero support." *Simkanin v. Simkanin*, 9th Dist. Summit No. 22719, 2006-Ohio-762, ¶ 16. A trial court may modify a prior spousal support order only if the divorce decree "contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support." R.C. 3105.18(E)(1). If a decree does not contain an express reservation of jurisdiction, the court lacks the authority to modify a prior support order. *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus.

**{¶12}** When the parties initially divorced in December 2007, they submitted a memorandum of agreement that was filed alongside their divorce decree. The memorandum provided that Wife would not receive spousal support and that the court would not retain jurisdiction over that issue. Consistent with the memorandum, the decree likewise provided: "[t]here shall be no spousal support, nor retention of jurisdiction for further review of spousal support by the Court."

**{¶13}** During the second divorce proceeding, Wife asked the court to award her spousal support. The trial court agreed that an award of spousal support was appropriate and, in fashioning its award, considered the total length of the parties' relationship, including their first marriage. Relying on *Moore v. Moore*, 83 Ohio App.3d 75 (9th Dist.1992), the court found that "[w]here parties remarry after a separation, and the parties resided in the marital home during the separation, the trial court can consider the duration of both the first and second marriage in awarding spousal support." The trial court ultimately looked to the fact that the parties "could be considered to have been married, *de facto*, * * * for a grand total of twenty-nine years and seven months" as a factor in favor of its spousal support award.

**{¶14}** Upon review, this Court concludes that the trial court erred when it based its spousal support award, in part, on the length of the parties' first marriage. This case is distinguishable from *Moore* because, here, the trial court expressly did not retain jurisdiction over the issue of spousal support with respect to the parties' first marriage. *Compare Moore* at 78. By considering the term of the parties' first marriage in its spousal support determination, the trial court essentially modified the initial spousal support order. The court lacked jurisdiction to do so. *See Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, at paragraph two of the syllabus. *See also Michaels v. Michaels*, 9th Dist. Medina No. 11CA0012-M, 2012-Ohio-641, ¶

9 (court lacked jurisdiction to modify duration of support award where it only reserved jurisdiction over the amount of the award).

{¶15} Although the trial court had jurisdiction to award Wife spousal support for the period encompassing the parties' second marriage, this Court cannot review the reasonableness of the court's award. That is because the court predicated its award, in part, based on the length of the parties' first marriage. On remand, the trial court must consider Wife's spousal support demand strictly within the confines of the parties' remarriage. Husband's first assignment of error is sustained insofar as it is premised upon the court having exceeded its jurisdiction in awarding spousal support.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION FOLLOWING REMAND BY AWARDING DEFENDANT-WIFE ONE-HALF OF PLAINTIFF-HUSBAND'S OWN NET EQUITY INTEREST IN THE MARITAL HOME IN THE SUM OF $6.728.34, IN ADDITION TO HER OWN ONE-HALF OF THE NET EQUITY INTEREST OF $13,456.69, SO THAT DEFENDANT-WIFE RECEIVES 75% AND PLAINTIFF-HUSBAND ONLY 25% OF THE NET EQUITY INTEREST ACCRUED IN THE MARITAL RESIDENCE DURING THE 16-MONTH PERIOD OF THEIR SECOND MARRIAGE IN WHICH THEY PAID THE MONTHLY MORTGAGE ON THAT MARITAL RESIDENCE.

{¶16} In his second assignment of error, Husband argues that the trial court erred when it awarded Wife half of his net equity interest in the marital residence. Upon review, we agree that the court's judgment must be reversed and the cause remanded for further proceedings.

{¶17} A trial court has "broad discretion to determine what property division is equitable in a divorce proceeding." *Cherry v. Cherry*, 66 Ohio St.2d 348 (1981), paragraph two of the syllabus. This Court generally "will not reverse a trial court's decision regarding the division of property, absent an abuse of discretion." *Sigman v. Sigman*, 9th Dist. Wayne No. 11CA0012, 2012-Ohio-5433, ¶ 5. Yet, "[t]he classification of property as marital or separate is a

question of fact that this Court reviews under a civil manifest weight standard." *Hahn v. Hahn*, 9th Dist. Medina No. 11CA0064-M, 2012-Ohio-2001, ¶ 20.

{¶18} Separate property includes "[a]ny real * * * property or interest in real * * * property that was acquired by one spouse prior to the date of the marriage" and any "[p]assive income and appreciation acquired from separate property." R.C. 3105.171(A)(6)(a)(ii), (iii). "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). "The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property." *Eikenberry v. Eikenberry*, 9th Dist. Wayne No. 09CA0035, 2010-Ohio-2944, ¶ 19.

{¶19} As noted, when dividing the parties' interests after their remarriage, the trial court treated the $38,550 mortgage pay-off from Husband's sister as marital equity and divided it equally between the parties. The court ordered Husband to pay Wife (1) her half of that money ($19,275), and (2) her remaining equity interest in the marital residence ($3,803.05), as determined at the time of the original divorce and adjusted based on her decision to live there post-divorce. On appeal, this Court ordered the trial court to vacate the $19,275 award to Wife because the $38,550 pay-off did not amount to marital equity. *Cherconis*, 2016-Ohio-1140, at ¶ 21. We further ordered the court to "make any adjustments necessary to the property division as [were] within its discretion to make." *Id.*

{¶20} On remand, the trial court vacated the $19,275 award. It determined that, at the time Husband filed for a second divorce, the marital residence was valued at $150,000, but was encumbered by a $31,410.59 mortgage. Thus, the court concluded that the residence had an

equity value of $118,589.41. The court then deducted Wife's $3,803.05 separate equity interest from that amount as well as a separate equity interest for Husband in the amount of $29,000. The latter sum rested upon an assumption the court made about the parties' intentions at the time of the original decree. Specifically, it reasoned that, because the parties had agreed that Wife had a $29,000 separate, equity interest in the marital residence when they first divorced, Husband, "[b]y necessary implication," also must have had an interest in that same amount. The court ultimately concluded that there existed a net equity interest of $85,786.36 ($118,589.41 minus Wife's $3,803.05 interest minus Husband's $29,000 interest). It then went on to discuss the mortgage payments that Husband had made following the first divorce.

{¶21} The trial court determined that 51 months elapsed between the parties' first divorce and February 1, 2012, the date that Husband had stopped paying the mortgage. It further determined that, for 16 of those months, the parties were remarried. The court found that Husband was entitled to a separate interest in the net equity for the 35 months he paid the mortgage while divorced from Wife, but that both parties were entitled to a net equity interest for the payments he made during their 16-month remarriage. To assign a value to those interests, the court divided the net equity amount ($85,786.36) by 51, the total number of months that had elapsed between the first divorce and the cessation of the mortgage payments. It then took that amount ($1,682.09) and (1) multiplied it by 35 to arrive at Husband's separate interest in the net equity ($58,872.99); and (2) multiplied it by 16 to arrive at the marital share of the net equity ($26,913.37). The court awarded Wife half of the latter figure ($13,456.69), as well as her outstanding $3,803.05 interest. Additionally, it awarded Wife half of Husband's marital share of the net equity ($6,728.34).

{¶22} Husband argues that the court erred when it awarded Wife half of his share of the net equity. He argues that, in doing so, the court employed faulty reasoning and essentially penalized him for complying with the terms of the parties' original divorce decree. According to Husband, Wife was only entitled to her half of the net equity, plus her remaining $3,803.05 separate, equity interest.

{¶23} When the parties first divorced, the marital residence became Husband's separate property with the exception of a $29,000 separate, equity interest in favor of Wife. The original decree also provided for a reduction in Wife's separate interest for each month she remained at the marital residence. No appeal was taken from the original decree, so those interests became res judicata. *See Johns v. Johns*, 9th Dist. Summit No. 26393, 2013-Ohio-557, ¶ 14, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. Accordingly, when the parties remarried, the marital residence was still Husband's separate property. *See* R.C. 3105.171(A)(6)(a)(ii) (separate property includes real property acquired by one spouse prior to the date of the marriage). Meanwhile, Wife's separate interest had been reduced to $3,803.05 by virtue of her choice to continue residing at the martial residence.

{¶24} "Any reduction in the amount of [a] * * * mortgage[] during [a] marriage by payment of marital funds [is] marital property." *Ray v. Ray*, 9th Dist. Medina No. 03CA0026-M, 2003-Ohio-6323, ¶ 8, quoting *Charles v. Charles*, 9th Dist. No. 96CA006396, 1997 WL 28247, *4 (Jan. 22, 1997). Husband does not dispute the foregoing principle of law. He only questions whether the court correctly calculated Wife's additional equity interest. Accordingly, we limit our review to that issue.

{¶25} To calculate Wife's additional interest, the trial court essentially recalculated the equity value of the marital residence and, in doing so, employed certain figures that lacked a

foundation in the record. It was error for the court to do so for two reasons. First, the court's decision encroached upon the parties' first divorce proceedings wherein the equity value of the martial residence became res judicata. *See Johns* at ¶ 14, quoting *Ketterer* at ¶ 59. Second, the court's decision exceeded the scope of this Court's remand, wherein we only ordered it to vacate a portion of its judgment and "make any adjustments necessary to the property division as [were] within its discretion to make." *Cherconis*, 2016-Ohio-1140, at ¶ 21.

{¶26} The record reflects that the trial court struggled to assign value to Wife's additional equity interest because the parties failed to introduce any evidence regarding the changes in the principal mortgage balance on the marital residence. That is, there was no evidence regarding the extent to which Husband decreased the mortgage principal by making payments during the remarriage. This Court addressed a similar problem in *Ray v. Ray*.

{¶27} In *Ray*, this Court agreed that the appellant was entitled to an equitable portion of a mortgage pay down that had occurred during her marriage. *Ray* at ¶ 8, quoting *Charles*, 1997 WL 28247, at *4. We could not "calculate the exact marital share of the mortgage pay down[, however,] because there was insufficient evidence presented to the trial court on that issue." *Ray* at ¶ 11. Therefore, we remanded the case to the trial court "for the purpose of taking evidence on [that] issue and recalculating the marital mortgage pay down and readjusting the property division to allow for an equitable division of the marital property." *Id.* This Court concludes that the same remand is appropriate in this instance. Accordingly, the court's judgment is vacated, and the cause is remanded for the court to take evidence on the exact marital share of the mortgage pay down during the parties' remarriage and to "readjust[] the property division to allow for an equitable division of the marital property." *Id.* Husband's second assignment of error is sustained on that basis.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING THAT DEFENDANT-WIFE MAY LIVE RENT-FREE AT THE FORMER MARITAL HOME, WHICH IS NOW OWNED BY THE THIRD PARTY DEFENDANT-APPELLANT, AND NOT VACATE THAT HOME UNTIL 90 DAYS AFTER PLAINTIFF-HUSBAND BEGINS MAKING MONTHLY INSTALLMENT PAYMENTS TO DEFENDANT-WIFE TOWARDS THE PROPERTY SETTLEMENT WHICH PAYMENTS ARE TO BE TREATED AS SPOUSAL SUPPORT.

{¶28} In his third assignment of error, Husband argues that the trial court abused its discretion when it gave Wife 90 days from start of his first equity installment payment to vacate the marital residence. According to Husband, the trial court "is essentially ordering that [Wife] be able to live rent-free in [his sister's] home * * *."

{¶29} "Before an Ohio court can consider the merits of a legal claim, the person or entity seeking relief must establish standing to sue." *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, ¶ 7, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27. "In order to establish standing, a party 'must assert a personal stake in the outcome of the action * * *.'" *Reynolds v. HCR ManorCare, Inc.*, 9th Dist. Summit No. 27411, 2015-Ohio-2933, ¶ 13, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 23.

{¶30} It is undisputed that Husband deeded the marital residence to his sister in exchange for her satisfying the outstanding mortgage on the property. Though the trial court joined Husband's sister as a party to this action, she has not appealed from the trial court's decision to allow Wife to continue to reside in the marital residence. Instead, Husband has attempted to appeal on her behalf. Because Husband no longer has an interest in the marital residence, however, this Court cannot conclude that he has a personal stake in the court's

decision to allow Wife to stay there. *See Reynolds* at ¶ 13, quoting *Kuchta* at ¶ 23. Thus, his third assignment of error is overruled for lack of standing.

III.

{¶31} Husband's first and second assignments of error are sustained. His third assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CARR, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

CAROLINE CHERCONIS, pro se, Appellee.