OPINION
{¶ 1} William H. Smith, Jr., plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court entered a decree of divorce between appellant and Gladys Smith, defendant-appellee. Appellee has not filed an appellate brief.
 {¶ 2} The parties were married in September 1978. Two children were born as issue of the marriage, and both are emancipated. Appellant filed a complaint for divorce on March 13, 2006. A trial on appellant's complaint commenced April 17, 2007, appellant being represented by counsel and appellee appearing pro se. After some evidence and testimony was taken, the trial was suspended so appellee could gather further information *Page 2 
as to the value of her Ohio Public Employees Retirement System ("OPERS") account. When the trial resumed July 12, 2007, appellant requested that he be permitted to proceed pro se, which the trial court granted, and both parties proceeded without counsel. In its August 8, 2007 judgment, the trial court found: (1) the de facto date of termination of the marriage was July 1, 2000; (2) the parties' own division of personal marital property was fair and equitable; (3) the Ohio Avenue real property had a total value of $71,000, with appellant's separate property interest comprising $16,500, and the marital portion comprising $54,500; (4) the marital portion of appellee's OPERS account was 78.5 percent of its total value of $72,960.60, or $57,274.07 (the court later indicated in its judgment that the marital value was $56,748.75); (5) an equitable, though not equal, division of the marital property was warranted, by which appellee would retain her entire OPERS account, and appellant would retain the entire Ohio Avenue real estate; and (6) each party would assume all debts in his or her name. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 The trial court erred by granting summary judgment in favor of defendant when the record presents genuine issues of material fact that demand resolution by the trier of fact.
 {¶ 3} Appellant has filed his appeal and brief pro se. Although he argues in his assignment of error that the trial court erred in granting summary judgment, the trial court did not grant summary judgment. Further, although appellant does present some discernable arguments in his brief, he has failed to present any assignments of error relating to these arguments as required by App.R. 16(A)(3). An appellate court has the discretion to disregard any error not separately assigned and argued. App.R. 12(A)(2). *Page 3 
However, in the interests of justice, we will review and address the main contentions of appellant.
 {¶ 4} Appellant's brief consists largely of general citations to case law and certain statutory sections, as well as an undeveloped manifest weight of the evidence argument. However, appellant's general contention seems to be that the trial court erred when it found that the $71,000 value of the Ohio Avenue real property included a marital portion of $54,500, based upon the time and marital funds the parties invested in the property. We first note that this court has been presented with only a trial transcript from the April 17, 2007 hearing and not the subsequent hearing on July 12, 2007. An appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. App.R. 9(B). See State v. Williams (1995),73 Ohio St.3d 153, 160. Accordingly, it is the appellant's duty to provide a transcript for appellate review because he/she bears the burden of demonstrating error by reference to matters in the record. State v.Skaggs (1978), 53 Ohio St.2d 162, 163. In the present case, as we do not have a transcript of the July 12, 2007 hearing, we do not know whether any evidence or testimony relevant to the issues raised by appellant was presented at that time. However, the record suggests that the only reason for the continuation on April 17, 2007 was to allow appellee to obtain her OPERS account value. Thus, absent any other suggestion, we address appellant's argument based only upon the testimony presented to the court at the April 17, 2007 hearing.
 {¶ 5} The uncontested testimony from the April 17, 2007 hearing revealed that appellant acquired the Ohio Avenue property, a duplex, in 1971 for $16,500. Appellant put zero money down on the residence, with a mortgage of $160 per month. Appellant *Page 4 
split the monthly mortgage with family members. His father paid one-half of the mortgage, and he and his brothers paid the other half. That same arrangement continued until 1975, when appellant moved to California. His father and brothers remained in the residence thereafter, with his father and brothers paying the entire monthly mortgage payment. Appellant and appellee married in 1978. The parties returned to Ohio in 1979. In 1985, the parties moved into one-half of the Ohio Avenue property, at which time they paid one-half of the mortgage and appellant's father paid the remaining half. The parties lived in the Ohio Avenue property until February or March of 1989, at which time they moved and stopped paying any mortgage. Appellant testified that, in 1996, appellee told him she was leaving him for another man, and appellant left the marital residence and moved back into the Ohio Avenue residence. Appellant actively sought to reconcile with appellee until 1999. In 1999, appellee told appellant that her gas had been shut off at the former marital residence, and appellant told her to move into the other side of the duplex on Ohio Avenue, which she did. After approximately one month, during which the parties had sexual relations, appellee returned to the former marital home to live with the other man. The mortgage was paid off in 2000. Appellant was living in the Ohio Avenue property at the time of the hearing and had been living there since October 1996.
 {¶ 6} Based upon this evidence, appellant argues herein that the trial court erred when it found the appreciation in the Ohio Avenue property was marital property. In support, appellant points out that he owned the property for seven years prior to the marriage; his family paid the mortgage prior to 1984 and after 1989; during the period the parties lived in the property from 1984 to 1989, the parties paid only half of the mortgage; there was no positive act by appellee to assist in increasing the value of the property; *Page 5 
there were no marital funds, labor, or in-kind contributions to increase the value of the property during the marriage; and the increase in value of the property was due solely to inflation and market conditions outside the parties' control.
 {¶ 7} A trial court has broad discretion in making divisions of property in domestic cases. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401, citing Berish v. Berish (1982), 69 Ohio St.2d 318. Absent an abuse of discretion, a trial court's decision will be upheld. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. A decision is unreasonable if there is no sound reasoning process that would support that decision. AAAA Enterprises,Inc. v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161. This court must be mindful of the fact that, when applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. S. Ohio Coal Co. v. Kidney (1995),100 Ohio App.3d 661, 667.
 {¶ 8} In divorce proceedings, the trial court's characterization of property as either separate or marital is governed by R.C. 3105.171. Generally, any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage is separate property. R.C. 3105.171(A)(6)(a)(ii). Further, any passive income and appreciation acquired from separate property by one spouse during the marriage would also qualify as separate property. R.C.3105.171(A)(6)(a)(iii). However, all income and appreciation on separate property due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage is classified as marital property. R.C. 3105.171(A)(3)(a)(iii). Appreciation that results from an *Page 6 
increase in the fair market value of separate property due to its location or inflation is passive income, which is considered separate property. R.C. 3105.171(A)(6)(a); Polakoff v. Polakoff (Aug. 4, 2000), Trumbull App. No. 98-T-0163.
 {¶ 9} After reviewing the testimony presented at trial, we find the trial court abused its discretion in deeming any portion of the Ohio Avenue real estate as marital property. The trial court determined appellant had a separate property interest in the Ohio Avenue real estate in the amount of $16,500, which was the purchase price of the home in 1971. The trial court then found that the parties invested time and financial resources from the marriage in the property and concluded "any appreciation in value [was] marital property." Notwithstanding that the trial court failed to account for any appreciation in the property from 1971 to 1978, we can find no testimony as to any time or financial resources the parties invested directly in the home after the marriage. Neither appellant nor appellee testified that any marital monies were used to maintain, renovate, or update the Ohio Avenue property. Likewise, neither party testified as to any "time" they invested in the property. Appellant testified that family members lived in the residence and paid the mortgage at all times, except between 1985-1989 and 1996-2000.
 {¶ 10} Although appellee and appellant lived in the residence between 1985-1989, there was no evidence as to any improvements or maintenance completed on the home during this period that might suggest that appreciation thereafter should be viewed as being the result of marital efforts and deemed marital property. That the parties paid $80 per month from 1985-1989 to live in one-half of the duplex alone is insufficient to convert appellant's separate property to marital property, particularly given the lack of evidence as to how much these payments reduced the mortgage principal. While it is generally true *Page 7 
that any reduction in the amount of a mortgage during the marriage by payment with marital funds contributes to the equity in the property and becomes marital property, Ray v. Ray, Medina App. No. 03CA0026-M,2003-Ohio-6323, at ¶ 8, and "marital" funds were used to pay one-half of the mortgage payment from 1985-1989 and 1996-2000, there was no evidence as to how much these payments reduced the mortgage principal during these times. A trial court is not permitted to speculate as to the marital appreciation or mortgage principal reduction amounts without evidence to support such. See Patterson v. Patterson, Preble App. No. CA2004-12-017, 2006-Ohio-1786; Cyrus v. Cyrus (Nov. 29, 1995), Lorain App. No. 95CA006040.
 {¶ 11} The court in Patterson, supra, was faced with similar facts as in the present case. In that case, prior to the parties' marriage, the wife purchased a residence. After the marriage, the parties lived at that property until they moved to another residence. At that time, they rented the first property to tenants, and marital funds were used to pay the mortgages on the properties. In its decision, the trial court acknowledged that the parties had lived in the first residence and had then and thereafter used marital funds to pay the mortgage due on that home. However, the trial court found that no evidence had been presented to allow the court to determine specifically how much the principal on the residence was reduced using marital funds. Under these circumstances, the trial court refused to "speculate" on the extent of the husband's marital interest in the first property, and, instead, awarded that property to the wife as her separate, non-marital property. On appeal, the court of appeals concluded that the trial court did not abuse its discretion or otherwise err in finding the property to be the wife's non-marital, separate property. The court reasoned that the property was purchased by the wife prior to the parties' marriage; *Page 8 
therefore, that property, as well as any passive appreciation in the property's value that occurred during the marriage, was the wife's separate property pursuant to R.C. 3105.171(A)(6)(ii) and (iii). The court of appeals recognized that marital funds were used to pay the mortgage payments, but because there was no evidence presented to show how much the principal was reduced by these payments, the court found it could not speculate as to the extent of the husband's marital interest in the property.
 {¶ 12} In Cyrus, supra, the wife also purchased a home prior to the marriage. Although the husband testified at trial that he and his wife had put a roof on the house and garage, replaced some windows, painted the house, and replaced a furnace in the house, the trial court refused to find that the husband was entitled to any marital portion of the wife's premarital property. The court found that the record lacked any evidence as to when the improvements were made, what the improvements cost, specifically who paid for them, and whether the improvements resulted in any appreciation on the property. The court found that, in the absence of proof that the husband's labor, or the joint labor of the parties, was responsible for the appreciation of the property, the increase in value in the property was "passive income," as defined in R.C. 3105.171(A)(4). The court concluded that, because the house was the wife's separate property, the appreciation in value was also her separate property. The court of appeals affirmed the trial court's decision based on the trial court's reasoning and found that any proceeds from the sale of the home were the wife's separate property.
 {¶ 13} Similar to Patterson and Cyrus, in the present case, appellant purchased the home before the parties' marriage. As inPatterson, although appellant and appellee lived in the home for several years and during that time used marital funds to pay one-half *Page 9 
of the mortgage, the lack of any other specific evidence could only leave us to speculate as to any marital interest apart from appellant's undisputed separate property. Likewise, as in Cyrus, here, the record lacked any evidence that the parties had made any improvements to the property. Thus, in the absence of any evidence of improvements by the parties, the increase in value in the separate property from 1978 forward was "passive income," and any appreciation remained appellant's separate property. As Patterson and Cyrus direct, a trial court cannot speculate on these matters.
 {¶ 14} We are cognizant of the fact that certain property brought to a marriage by one party is not necessarily determinative of the disposition of that property. See King v. King (1992),78 Ohio App.3d 599, 604; Sanzenbacher v. Sanzenbacher (1981), 3 Ohio App.3d 180, 181. We also acknowledge that spouses can change the nature of the property through their conduct during the marriage. Moore v. Moore (1992),83 Ohio App.3d 75, 77. It is often difficult for a trial court to equitably divide assets when the evidence presented is deficient. Based upon our review of the evidence in the present case, the trial testimony was void of any evidence to demonstrate appellant's non-marital property lost its non-marital character. The evidence did not show that the actions of the parties during the marriage destroyed the identity of appellant's separate property. Thus, we find the appreciation was the result of passive appreciation, and the parties failed to present evidence as to any principal reduction during the time of the marriage. Based upon the above reasoning, we find the trial court abused its discretion in designating the appreciation above the original purchase price of $16,500 as marital property. As this determination may affect the equitable nature of the property division as a whole, we must *Page 10 
remand the matter to the trial court for a redetermination of the property division between the parties. Therefore, appellant's sole assignment of error is sustained.
 {¶ 15} Accordingly, appellant's assignment of error is sustained, and the trial court's decision is reversed insofar as the property division is concerned, but affirmed in all other respects. The matter is remanded to reconsider the property division pursuant to the present record, additional briefing, or additional evidence, at the trial court's discretion.
Judgment affirmed in part and reversed in part; cause remanded.
FRENCH and DESHLER, JJ., concur.
 DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1