[Cite as *Williams v. Thomas*, 2023-Ohio-2856.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James H. Williams, | : | |
| Plaintiff-Appellee, | : | No. 22AP-426 |
| v. | : | (C.P.C. No. 19DR-2174) |
| Patricia A. Thomas, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 15, 2023

**On brief:** *Vincent A. Dugan, Jr.*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, J.

{¶ 1} Defendant-appellant, Patricia A. Thomas, appeals the June 15, 2022 judgment entry and decree of divorce of the Franklin County Court of Common Pleas, Division of Domestic Relations, terminating her marriage to plaintiff-appellee, James H. Williams, and dividing the parties' assets. For the following reasons, we reverse and remand this matter with instructions.

**I. Facts and Procedural History**

{¶ 2} Williams and Thomas were married on September 6, 2013. On June 21, 2019, Williams filed a pro se complaint for divorce. After Williams filed the complaint, the trial court issued a temporary restraining order prohibiting the parties from, among other actions, withdrawing or spending any assets to which either or both parties might have a claim. Thomas filed an answer and counterclaim for divorce on August 31, 2019. That same day, Thomas requested production of documents from Williams. In November 2019, a trial

court magistrate issued a temporary order requiring Williams to maintain health insurance for both parties and pay spousal support of $200 per month. In December 2019, Williams obtained counsel. Williams then moved to modify the magistrate's temporary order; the magistrate denied Williams's motion and ordered the temporary order to remain in effect.

{¶ 3} Between March and December 2020, the trial court issued four continuances (two by the court's own motion and two at the parties' request), ultimately continuing the case to March 2021. In December 2020, Williams's first attorney withdrew from the case and a second attorney appeared on his behalf. In March 2021, the court granted another continuance at the request of the parties, continuing the case until June 2021. On June 17, 2021, Thomas moved to compel production of documents from Williams, asserting Williams had only produced some of the documents requested. Thomas claimed Williams failed to produce his federal tax returns, paycheck stubs, or records of real estate interests and only produced incomplete checking account records and mortgage statements. Thomas also requested attorney fees related to the motion to compel. A magistrate dismissed the motion to compel because the parties failed to appear at the scheduled hearing.

{¶ 4} On July 29, 2021, Thomas again moved to compel production of documents from Williams and sought attorney fees related to the motion to compel. In August 2021, the trial court permitted Williams's second attorney to withdraw as counsel; thereafter, Williams proceeded pro se. Following a hearing on November 10, 2021 at which Williams failed to appear, a magistrate granted Thomas's second motion to compel production of documents, ordering Williams to provide specified documents on or before December 10, 2021. The order reserved judgment on Thomas's request for attorney fees.

{¶ 5} On March 28, 2022, Thomas moved for an order holding Williams in contempt for intentional failure to produce documents as required by the court's order. Thomas asserted that Williams failed to produce the documents by December 10, 2021, and that Williams appeared unannounced at the office of Thomas's counsel on Friday, January 14, 2022 with the documents to be copied. Thomas's counsel was not present at the time and the building owner advised Williams he would need to arrange for an appointment. Thomas alleged that the following Monday, Williams left a voicemail stating he would provide the documents when he had time to do so. Thomas asserted Williams

made no further attempt to produce the documents. Thomas requested sanctions be imposed on Williams and requested attorney fees related to the motion for contempt.

{¶ 6} The trial court conducted a hearing on the divorce petition on March 30, 2022. At the beginning of the hearing, the trial court noted the pending motion for sanctions but declared it would address the merits of the case first:

> This case is almost four years old * * *. So we're going to get this divorce done today and I will deal with sanctions. And we can deal with sanctions after the evidence is produced about the divorce. And it may come out about the lack of cooperation, the lack of discovery, the lack of interrogatories and answers, and I think that all of that would help you in your sanctions.

(Tr. at 11.)

{¶ 7} Williams testified that Thomas had misstated his income in her request for spousal support, arguing that he earned $60,000 to $65,000 per year from employment, social security, military retirement, and disability benefits. Williams testified he owned real property on Bide-A-Wee Park ("Bide-A-Wee Park property") and on Westphal Avenue ("Westphal Avenue property"). Williams's daughter lived at the Bide-A-Wee Park property, and it was not encumbered by a mortgage; Williams testified he did not know the fair market value of the Bide-A-Wee Park property. The Westphal Avenue property was Williams's primary residence and was encumbered by a mortgage. Williams testified the mortgage balance was approximately $58,000 and the fair market value of the property was approximately $180,000. On cross-examination, Williams admitted the balance of the mortgage on the Westphal Avenue property was paid down during the term of the parties' marriage. Mortgage statements for the Westphal Avenue property for 2018 through 2021 established that the mortgage balance was paid down by more than $27,000 during that period. Williams also admitted that he removed money from his retirement account and from a credit union account after the trial court issued the temporary restraining order.

{¶ 8} Thomas testified that her income was just under $25,000 in 2020 and fell to just over $15,000 in 2021 due to medical issues, but that she expected her income to return to around $25,000 in 2022. Thomas testified she owned property on Bowman Meadow ("Bowman Meadow property") that she purchased prior to the marriage. The Bowman Meadow property was encumbered by a mortgage and Thomas testified she paid down the mortgage balance by nearly $18,000 while married to Williams. Thomas testified that

based on the partial information provided by Williams, she estimated he paid down the mortgage balance on the Westphal Avenue property by more than $65,000 during the course of the marriage. Thomas further testified she incurred $4,500 in attorney fees in pursuing discovery remedies due to Williams's failure to fully produce documents requested.

{¶ 9} After the evidence was presented, the trial court permitted the parties to address Thomas's motion for sanctions. Following the hearing, the parties submitted written closing arguments.

{¶ 10} On June 15, 2022, the trial court issued a judgment entry and decree of divorce granting the parties a divorce, with a marriage termination date of March 30, 2022. The court awarded Williams the Westphal Avenue and Bide-A-Wee Park properties and awarded Thomas the Bowman Meadow property. The court also awarded each party 50 percent of the marital portion of the other party's retirement account, and awarded Thomas 50 percent of the marital portion of Williams's investment account. The court ordered that any joint bank accounts be closed and the balances equally divided between the parties. The court ordered Williams to pay $200 per month in spousal support for four years and $1,000 to Thomas for attorney fees. Regarding Thomas's motion for contempt, the court found Williams in contempt for failure to comply with the court's orders and imposed a fine of $250.

## II. Assignments of Error

{¶ 11} Thomas appeals and assigns the following four assignments of error for our review:

> [I.] The Trial Court erred as a matter of law in not finding the Plaintiff-Appellant [sic] in contempt of the prior orders of this Court, finding sanctions against him and compelling him to produce the documents requested of him prior to the trial of this cause.
>
> [II.] The Trial Court erred as a matter of law in failing to include the parties paydown of the non-marital mortgage balance as an asset in its property division.
>
> [III.] The Trial Court abused its discretion and erred as a matter of law in failing to include the economic misconduct of the Plaintiff-Appellee in determining its division of property.

[IV.] The Trial Court abused its discretion and erred as a matter of law in failing to award the Defendant-Appellant any attorney fees due to Plaintiff-Appellant's [sic] conduct which dramatically increased her attorney fees.

## III. Analysis

{¶ 12} Thomas argues in her first assignment of error that the trial court erred by not holding Williams in contempt for failure to comply with the court's discovery orders, and by not imposing sanctions and compelling Williams to produce documents requested in discovery prior to trial. Thomas asserts Williams's failure to produce the requested documents prevented her from being fully prepared for trial.

{¶ 13} In the judgment entry, the trial court held Williams in contempt for failure to comply with the court's previous orders and imposed a $250 fine. The court further found Williams was unable to purge the contempt because the trial had concluded, and Thomas no longer needed complete production of documents. Because the trial court ultimately granted Thomas's motion and held Williams in contempt, the gravamen of Thomas's claim is that the trial court erred in the *timing* of addressing the motion for contempt—i.e., that the trial court erred by waiting to resolve the motion for contempt until after holding the merits hearing. Thomas asserts this deferral allowed Williams to control the flow of information and conduct a trial by ambush.

{¶ 14} A trial court has broad discretion to regulate discovery and we generally review a trial court's decision on a motion to compel for abuse of discretion. *Childs v. Kroger Co.*, 10th Dist. No. 22AP-524, 2023-Ohio-2034, ¶ 40. An abuse of discretion occurs when a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). A trial court's discretion is not without limits, however, and " 'an appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights.' " *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592 (1996), quoting *Rossman v. Rossman*, 47 Ohio App.2d 103, 110 (8th Dist.1975). *See Roty v. Battelle Mem. Inst.*, 10th Dist. No. 16AP-266, 2017-Ohio-9125, ¶ 17 (citing *Mauzy*).

{¶ 15} The Eighth District Court of Appeals decision in *Rossman*, which the Supreme Court of Ohio cited in *Mauzy*, involved a divorce case where the defendant "persistently declined" to respond to interrogatories concerning his earing capacity.

*Rossman* at 103. Pursuant to a motion from the plaintiff, the court ordered the defendant to answer the interrogatories. The defendant provided answers, but the trial court later concluded that many of his answers were "perfunctory or inaccurate." *Id.* In depositions both the defendant and his father refused to answer questions about the defendant's earning capacity on instruction of counsel. *Id.* at 104. Pursuant to a motion from the plaintiff, the trial court ordered both depositions to be reconvened with instructions to answer the questions; however, before the depositions were reconvened, the trial court sua sponte consolidated all pretrial discovery proceedings into trial. *Id.* at 105. Over the plaintiff's objection, the trial court conducted the trial before the reconvened depositions could occur and took evidence regarding the defendant's earning capacity.

{¶ 16} On appeal, the Eighth District concluded that the defendant's willful failure to comply with the rules of discovery and the trial court's refusal to enforce its order compelling discovery "denied the plaintiff the pretrial opportunity to fully prepare her arguments on the fundamental issue" in the case. *Id.* at 108. The defendant's earning capacity was a fundamental issue in accurately assessing alimony and child support, and in dividing marital property. *Id.* The appellate court noted the court's only justification for terminating discovery was to expedite the conclusion of the case. The court concluded that was an insufficient justification to sua sponte terminate discovery regarding a complex fundamental issue. *Id.* at 109. The court acknowledged the trial court's broad discretion over discovery but reasoned that "[a] sua sponte exercise of judicial discretion that rewards a party's willful obstruction of his opponent's good faith discovery efforts is suspect." *Id.* at 110. The court found the plaintiff's trial presentation regarding the fundamental issue of the defendant's earning capacity was prejudiced by the trial court's failure to enforce its discovery order. Because the trial court's discovery order "improvidently extinguished [the plaintiff's] substantial rights," the Eighth District found it to be an abuse of discretion. *Id.* at 112.

{¶ 17} In *Roty*, this court applied the same analysis in reversing a trial court's denial of a motion to compel production of certain statistical data related to a company-wide reduction in force in an age discrimination lawsuit. *Roty* at ¶ 9, 17-18. The trial court limited production to requiring the employer to produce age data for a limited number of employees that were affected by the reduction in force. *Id.* at ¶ 12. On appeal, this court

concluded the trial court "predetermin[ed] that the statistics could not be relevant despite evidence and law indicating that they were relevant for purposes of discovery," which was an improvident judgment. *Id*. at ¶ 17. We further concluded that the discovery decision affected the plaintiffs' substantial rights because the trial court then granted summary judgment because the plaintiffs failed to present direct, circumstantial, or statistical evidence to establish that age was a factor in their terminations. *Id*. at ¶ 6, 17. Because denying the motion to compel was improvident and affected the discovering parties' substantial rights, this court reversed the decision as an abuse of discretion. *Id*. at ¶ 17-18.

{¶ 18} In this case, Thomas's attorney advised the trial court at the beginning of the hearing that Williams had not complied with the court's order to produce documents. Thomas's attorney further explained that he was unable to prepare a complete trial notebook because of Williams's incomplete production. The trial court acknowledged Williams's failure to cooperate in discovery but asserted "this divorce is going to get done today" because of the length of time the case had been pending. (Tr. at 11.) The trial court stated Williams's non-compliance with discovery would go toward Thomas's argument for sanctions.

{¶ 19} It is undisputed that Williams failed to produce all the documents Thomas requested in discovery; the trial court recognized this by granting Thomas's motion to compel. Williams also failed to bring those documents to the hearing. Although the magistrate's order expressly required Williams to produce "tax returns and accompanying documents and schedules (not just the tax transcripts)," Williams admitted that he only brought his tax transcripts to court, asserting he thought that would be sufficient. (Nov. 15, 2021 Mag. Order at 1.) The hearing transcript demonstrates that Williams's failure to comply with the court's discovery order impeded Thomas and the trial court from determining certain basic facts about Williams's assets. For example, although Williams claimed his annual income was approximately $60,000 to $65,000, during the hearing the trial court and Thomas's attorney reviewed documents suggesting Williams received almost $80,000 in income during 2021. Similarly, Williams admitted he paid down the mortgage balance on the Westphal Avenue property during the course of the marriage but failed to provide any mortgage statements prior to 2018. As a result, Thomas could only attempt to

estimate how much the mortgage was paid down from 2014 through 2017, approximately half the time the parties were married.

{¶ 20} Either spouse in a divorce case may request that the court determine what constitutes marital property and what constitutes separate property, and the court must divide the marital and separate property equitably between the parties. R.C. 3105.171(B). Similar to *Rossman*, the trial court's failure to enforce discovery in this case substantially prejudiced Thomas's trial presentation of an issue that was fundamental to the case—i.e., the proper determination and allocation of marital and separate property. *Rossman* at 111. Also similar to *Rossman*, the trial court's primary reason for terminating discovery was expediency, with the court stating at the hearing that the case was "so delinquent it needs to be done or I am going to dismiss it." (Tr. at 12.) Under these circumstances, the trial court's decision to defer the discovery issue until after hearing the merits of the case was improvident and extinguished Thomas's substantial rights; therefore, it was an abuse of discretion. Accordingly, we sustain Thomas's first assignment of error. On remand, the trial court should require Williams to comply with its prior discovery order and permit Thomas to address the equitable division of property based on any additional discovery provided.

{¶ 21} In her second assignment of error, Thomas asserts the trial court erred when determining the equitable division of property by failing to include as marital assets the amounts by which the parties paid down the mortgages of their separate properties during the term of the marriage. This court has held "it is generally true that any reduction in the amount of a mortgage during the marriage by payment with marital funds contributes to the equity in the property and becomes marital property." *Smith v. Smith*, 10th Dist. No. 07AP-717, 2008-Ohio-799, ¶ 10. We have also held that a trial court's "failure to divide all marital property 'amounts to an abuse of discretion.'" *Smoyer v. Smoyer*, 10th Dist. No. 18AP-365, 2019-Ohio-3461, ¶ 30, quoting *Hackman v. Hackman*, 10th Dist. No. 08AP-516, 2009-Ohio-820, ¶ 23. However, as explained above, the trial court's failure to enforce its discovery order hindered Thomas's ability to present evidence regarding the proper division of marital assets, including any mortgage reductions. Once the trial court has compelled Williams to comply with discovery, Thomas will be able to argue this issue to the

trial court on remand. Accordingly, our resolution of the first assignment of error renders moot Thomas's second assignment of error.

**{¶ 22}** In her third assignment of error, Thomas assets the trial court erred when determining the equitable division of property by failing to consider her argument that Williams committed economic misconduct. Similar to the second assignment of error, Williams's failure to comply with discovery hindered Thomas's ability to present evidence regarding alleged economic misconduct. When Williams has complied with the discovery requests, Thomas will be able to argue this issue to the trial court on remand. Accordingly, our resolution of the first assignment of error renders moot Thomas's third assignment of error.

**{¶ 23}** Finally, in her fourth assignment of error, Thomas asserts the trial court erred by failing to award her attorney fees related to her attempts to obtain discovery from Williams. We note the trial court awarded $1,000 in attorney fees to Thomas, which was less than the $4,500 in attorney fees that Thomas testified she accrued in pursuing discovery remedies. Because we are remanding this matter for the trial court to compel Williams to comply with its discovery order, Thomas may raise her arguments related to attorney fees on remand. Accordingly, our resolution of the first assignment of error renders moot Thomas's fourth assignment of error. *See Beagle v. Beagle*, 10th Dist. No. 07AP-494, 2008-Ohio-764, ¶ 59 (finding issues of attorney fees and spousal support moot because decision was remanded on issue of division of marital property).

## IV. Conclusion

**{¶ 24}** For the foregoing reasons, we sustain Thomas's first assignment of error, which renders moot her second, third, and fourth assignments of error. We reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed*;
*cause remanded with instructions.*

BEATTY BLUNT, P.J., and BOGGS, J., concur.

———————————